**UNITED STATES of America and the States of California, Illinois, North Carolina, and Ohio, Plaintiffs,**

v.

**DISH NETWORK, L.L.C., Defendant.**

No. 09–cv–3073

United States District Court,
C.D. Illinois,
Springfield Division

February 11, 2013

Albert N. Shelden, California Attorney General's Office, San Diego, CA, Daniel Kadane Crane-Hirsch, Lisa K. Hsiao, Patrick R. Runkle, US Dept of Justice Consumer Litigation, Washington, DC, Elizabeth A. Blackston, Illinois Attorney General, Springfield, IL, Erin B. Leahy, Michael S. Ziegler, Ohio Attorney General's Office Consumer Protection Section Columbus, OH, Jeffrey Mark Feltman, Office of The Attorney General, Carbondale, IL, Kevin Anderson, North Carolina Department Of Justice, Raleigh, NC, Eric I. Long, US Atty., Springfield, IL, for Plaintiffs.

Catherine Emily James, Kelley Drye & Warren LLP, Chicago, IL, Edward Ellis Weiman, Kelley Drye & Warren LLP, Los Angeles, CA, Geoffrey W Castello, III, Joseph A. Boyle, Lauri A Mazzuchetti, Ilona I. Korzha, Kelley Drye & Warren LLP, Parsippany, NJ, Henry T. Kelly, Kelley Drye & Warren LLP, Chicago, IL, for Defendant.

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Compel and Reopen the Deposition of Ken Sponsler, and Motion to Compel Discovery Over Dish's Privilege Assertions (d/e 203) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part. The Court directs Defendant Dish Network, L.L.C. (Dish), to make its expert witness Ken Sponsler available for a continued deposition at which the Plaintiffs may inquire about facts and data that Sponsler learned during his past experience which he considered in forming his opinions, including facts and data that he learned during his experience with both Dish and other businesses. The Court overrules Dish's claims of privilege for disclosing (1) the identity of the businesses with which Sponsler worked and (2) facts and data that Sponsler learned from his experience and considered in formulating his opinions. The Court also directs Dish to disclose any additional documents related to Sponsler's prior experience with Dish that contain facts and data that Sponsler considered in formulating his opinions. The additional disclosures and the continued deposition are all subject to the Protective Order Governing the Production of Discovery Materials entered April 27, 2010 (d/e 35), as amended by the Amendment to the Protective Order entered October 11, 2012 (d/e 188) (Protective Order). The Court further orders Dish to disclose facts or data

that Joey Montano supplied to Taylor and that Taylor considered in preparing his expert opinions, if such information has not already been disclosed. The Court reserves ruling on the eleven documents listed in the Motion that the Court has not yet reviewed in camera. The Motion is otherwise DENIED.

## BACKGROUND

The Plaintiffs allege that Dish has violated Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(f)(1), and the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310, at amended.[1] The TCPA and the TSR prohibit certain telemarketing activities including telemarketing to individuals who have registered their telephone numbers on the National Do Not Call List (National List), and telemarketing through the use of prerecorded messages to present sales pitches to call recipients (Automated Call). See *First Amended Complaint and Demand for Jury Trial (d/e 5) (Complaint)*, at 5–9; *Opinion entered November 4, 2009 (d/e 20)* (Opinion 20), at 1–5. The TSR and TCPA also prohibit telemarketing to individuals who have informed the business that they do not wish to receive any more telemarketing calls from the business. Businesses, such as Dish, keep a record of individuals who do not wish to be called on an internal do not call list (Internal List). *See Opinion entered June 20, 2012 (d/e 155) (Opinion 155)*, at 2–4.

The TCPA and the TSR contain certain exceptions that allow telemarketing to the phone numbers of individuals on the National List. Most notably, the laws do not prohibit telemarketing to telephone numbers of customers with an established business relationship (EBR) with the business. *See Opinion 155*, at 2–4.

This Motion concerns the expert opinions of Dish's expert witnesses Ken Sponsler and John Taylor. Sponsler offered opinions re-

lated to the issue of the extent to which Dish is liable for the telemarketing activities of other business entities that sell Dish products and services through telemarketing. *Motion*, Exhibit 2, *Expert Report of Ken Sponsler (Sponsler Report)*; see *Opinion 20*, at 7–20; *Opinion entered February 4, 2010 (d/e 32) (Opinion 32)*, at 4–10. Taylor opined on whether certain calls violated the TCPA or the TSR. *Motion*, Exhibit 7, *Revised Expert Report of PossibleNOW John Taylor, dated September 20, 2012 (Taylor Report)*. The Plaintiffs seek to compel additional discovery regarding these opinions.

### A. Ken Sponsler

On July 27, 2012, the Plaintiffs disclosed the expert report of Debra Green. *Defendant Dish Network L.L.C.'s Memorandum in Opposition to Plaintiffs' Motion to Compel and Reopen Deposition of Ken Sponsler, and Motion to Compel Discovery Over Dish's Privilege Assertions (d/e 215) (Dish Response)*, attached *Declaration of Edward E. Weiman (Weiman Declaration) (d/e 215)*, Exhibit A, *Expert Report of Debra Green (Green Report)*. Green opined, inter alia, that: (1) Dish did not "conduct itself in accordance with industry standards" "with respect to its policies and practices for ensuring that its outside retailers' (sic) complied with the telemarketing laws;" and (2) Dish "created an environment that allowed Dish's retailers to continue committing [TSR and/or TCPA] violations as long as they were generating additional sales for Dish." *Green Report* ¶ 55, 65.[2]

On October 9, 2012, Dish's counsel retained Sponsler to provide expert opinions in rebuttal to the Green Report. *Weiman Declaration* ¶ 4. Dish's counsel provided Sponsler with a copy of the Green Report and the discovery materials that Green considered in preparing her report. Dish's counsel instructed Sponsler to review only the Green Report and the materials that Green relied

1. The Federal Trade Commission promulgated the TSR pursuant the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 46(g) and 57a, and the Telemarketing and Consumer Fraud and Abuse Prevention Act (Telemarketing Act), 15 U.S.C. § 6102.

2. Green also opined: (1) Dish made telemarketing calls to telephone numbers on the National List and made Automated Calls; (2) Dish did not have an effective internal compliance program; and (3) that samples of call records from three Dish retailers were call record patterns of telemarketing sales calls. *Green Report* ¶ 53–54, 66.

on for her opinions. *Weiman Declaration* ¶ 6.

Sponsler was a consultant who worked for CompliancePoint DM, Inc. (CompliancePoint). Sponsler's expertise was compliance with telemarketing laws. Sponsler provided consulting services to Dish in the past. *See Motion,* Exhibit 1, *Deposition of Ken Sponsler (Sponsler Deposition),* at 55–56.

On October 15, 2012, Sponsler produced the Sponsler Report in rebuttal to the Green Report. Sponsler stated that he considered Green's report and the material that Green reviewed in formulating his opinions, as well as his experience in the telemarketing industry. *Sponsler Report,* at 1. Sponsler criticized Green for failing to use precise terms and for failing to distinguish between telemarketing service bureaus and retailers. *Sponsler Report* ¶¶ 1–2. Sponsler described in summary fashion the nature of Dish's relationship with service bureaus and retailers. *Sponsler Report* ¶¶ 4–6. Sponsler stated that service bureaus may have access to Dish's copy of the National List for the purpose of making calls made on behalf of Dish. *Sponsler Report* ¶ 4. Sponsler opined that in its relationship with service bureaus, Dish and the service bureaus had a "shared responsibility" to insure that the service bureaus complied with telemarketing laws. *Sponsler Report* ¶ 5. Sponsler opined that retailers were responsible for their own telemarketing compliance. *Sponsler Report* ¶ 6.

On December 5, 2012, Plaintiffs' counsel deposed Sponsler. During the deposition Dish objected to Plaintiffs' counsel's inquiries into Sponsler's past experience with Dish on the grounds of work product and instructed Sponsler not to answer. The attorneys contacted this Court regarding this dispute during the deposition. The Court directed that Sponsler not answer fact-based questions about his interactions with Dish, but authorized the parties to file motions regarding this issue. *Minute Entry entered December 5, 2012.*

The deposition continued. Plaintiffs' attorneys asked Sponsler about his experience with other telemarketers and sellers which he considered in formulating his opinions. Sponsler described some of his experiences that supported his opinions, but Dish's counsel objected to disclosing the names of the other businesses. Dish's counsel stated that the information was protected by the other businesses' work product privilege and neither Sponsler nor Dish could waive that privilege. *See e.g., Sponsler Deposition,* at 126.

The Plaintiffs bring this Motion to allow them to resume the Sponsler deposition to inquire about Sponsler's experience with Dish and other businesses. The Plaintiffs also ask the Court to require Dish to produce any document that Sponsler ever saw in any of his interactions with Dish. The Plaintiffs argue that Sponsler considered those documents in formulating his opinions and so they must be produced. The Plaintiffs further argue that Dish's claims of privilege for those documents is waived because Dish selected Sponsler to be its expert witness and all material that he considered in formulating an expert's opinions must be produced.

### B. *John Taylor*

During discovery, Dish produced calling records for calls made from 2007 through 2010. The Plaintiffs performed an analysis of these calling records to find calls made to numbers on the National List and on Dish's Internal List. The Plaintiffs provided Dish with the results of this analysis. The Plaintiffs divided the data into three categories: (1) calls to numbers on the National List with parties that at one point had EBRs with Dish, but not when the calls were made; (2) calls to numbers on the National List without any EBR history with Dish; (3) calls to numbers on both the National List and the Dish Internal List. The Plaintiffs found 1,112,125 calls in the first category; 2,230,290 in the second category; and 3,698,918 in the third category.

Dish provided the Plaintiffs' analysis to PossibleNow, Inc. (PossibleNow) to review. PossibleNow provides services to assist companies in complying with telemarketing laws. In particular, PossibleNow checks telephone calling lists to eliminate telephone numbers that appear on the National List and state do not call lists. The process is known as "scrubbing." *See Taylor Deposition,* at 13,

21–22. PossibleNow provided, and continues to provide, scrubbing services to Dish. CompliancePoint is a wholly owned subsidiary of PossibleNow. *See Sponsler Report,* at 1.

Taylor supervised the team at PossibleNow that reviewed the Plaintiffs' analysis of the 2007–2010 Dish call records. Taylor prepared a report of their analysis. *Motion,* Exhibit 7, *Revised Expert Report of PossibleNOW John Taylor, dated September 20, 2012 (Taylor Report).* In order to conduct the analysis, Taylor secured additional information from Dish regarding the call records from Dish employee Joey Montano.[3] *See e.g., Motion,* Exhibit 6, *Deposition of John Taylor (Taylor Deposition),* at 69–70, 76, 175. Based on this analysis, Taylor opined that 616,566 of the 1,112,125 calls in the first category could be excluded; 1,960,318 of the 2,230,290 of the calls in the second category could be excluded; and 2,813,981, of the 3,698,918 of the calls in the third category could be excluded. *Taylor Report,* at 2. Taylor opined that calls could be excluded from the total possible violations for various reasons, such as the line was busy, the call was terminated by Dish before the customer's phone rang, no one answered the call, the call was a collection call or service call, the number was a wrong number, etc. *Taylor Report,* at 5, 8, 10.

Plaintiffs' counsel deposed Taylor on December 6, 2012. Taylor testified that he performed a similar analysis of Dish calling records in 2006. *Taylor Deposition,* at 34–36. In 2008, Dish provided analyses of calling records to the Plaintiffs during settlement negotiations. *Motion,* Exhibit 8, *Letter dated August 14, 2008, from Lewis Rose to Russ Deitch (Rose Letter), and enclosed "Calling Analysis for Calendar Months of April and October 2004, 2005, 2006, and 2007," and "Calling Analysis Synopsis for June—September 2005"* (collectively the 2008 Analyses). The Plaintiffs showed the 2008 Analyses to Taylor at his deposition. Taylor recognized the tables of data, but did not recognize the written portions of the 2008 Analyses. Taylor testified that he may have

prepared the tables of data, but did not write the 2008 Analyses reports and had not seen the reports before. *Id.* at 158–63.

Based on the foregoing, Plaintiffs ask the Court to enter an order:

a.  Reopening the deposition of Mr. Sponsler for three hours to cover his prior telemarketing consulting work for Dish, its retailers, and other companies, and directing Dish counsel not to instruct Mr. Sponsler not to answer questions;

b.  Directing Dish to produce the documents on its privilege logs listed above;

c.  Directing Dish to produce the "Do Not Call Certification" report prepared by Mr. Sponsler in 2010; and

d.  Directing Dish, its outside counsel, and its experts to search for and produce other documents, communications, and information provided by Dish and its retailers to Mr. Taylor, Mr. Sponsler, or PossibleNow on the subject matters covered by the expert reports.

*Motion,* at 18. The Plaintiffs argue that all of this information is required to be produced as part of the required disclosures that must accompany Sponsler's and Taylor's expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii). The Motion lists 22 documents for which Dish has asserted a privilege. The Plaintiffs argue that the privilege claim to those documents has been waived by Dish's use of Sponsler and Taylor as expert witnesses. The Court addresses this issue below. The Plaintiffs acknowledge that Dish produced the "Do Not Call Certification" report on December 4, 2012, as part of a 23,000 page document production. *Plaintiffs' Reply in Support of Their Motion to Compel Expert Discovery (d/e 232),* at 6. The Plaintiffs' request in subparagraph c., above, is therefore moot.

## ANALYSIS

The Motion seeks to compel the disclosure of information that must be disclosed by

3. Montano's last name is spelled "Montono" in the deposition transcript. *E.g., Taylor Deposition,* at 69–70. Other documents in the record indicate that the correct spelling is Montano. *See Motion,* at 15.

Sponsler and Taylor as expert witnesses. Sponsler and Taylor must disclose the facts or data that they considered in forming their opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii).[4] Rule 26(a)(2)(B) was amended in 2010 to change the required disclosure to "facts or data" instead of "data or other information." The amendment was designed to limit the required disclosures to the factual material which the expert considered rather than all communications between counsel and the expert witness. See *Advisory Committee Notes to the 2010 Amendments to Rule 26.* The 2010 Amendment also amended Rule 26(b)(4) to clarify that the work product privilege is waived with respect to "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii).[5]

■ The Seventh Circuit explained the scope of term "considered" in Rule 26(a)(2)(B) in *Fidelity National Title Ins. Co. of New York v. Intercounty National Title Ins. Co.,* 412 F.3d 745, 751 (7th Cir.2005). The Seventh Circuit stated that an expert is deemed to have "considered," and so, must disclose "whatever materials are given to him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination." *Id.* The 2010 Amendment to Rule 26 did not change the meaning of the term "considered." See *Fialkowski v. Perry,* 2012 WL 2527020, at *3 (E.D.Pa. June 29, 2012). Thus, Seventh Circuit's interpretation of "considered" is still controlling in this case.

■ Sponsler and Taylor each must disclose all facts and data "that [were] given to him to review in preparing his [opinions], even if in the end he [did] not rely on them in

formulating his expert opinion, because such materials often contain effective ammunition for cross-examination." *Fidelity National Title Ins. Co. of New York,* 412 F.3d at 751. Taylor performed an analysis of a clearly defined set of data and rendered opinions about that data. The appropriate scope of his required disclosure is, thus, clear: he must disclose the 2007–2010 call records that his team analyzed and the facts or data that Montano supplied to him to perform the analysis. The 2007 to 2010 call records have already been disclosed and analyzed by the Plaintiffs. It appears that the material received from Montano has also been disclosed already. If not, this material must be disclosed.

■ Sponsler considered the Green Report, the discovery material Green reviewed, and his experience in the field. *Sponsler Report,* at 1. Sponsler made fairly broad statements about the types of entities involved in telemarketing. He indicated in his deposition that he based these opinions, in part, on his experience with clients in the past. See e.g., *Sponsler Deposition,* at 125–27. Sponsler, thus, must disclose the facts or data concerning his prior experiences that he considered. *Cf., Fialkowski,* 2012 WL 2527020, at *5 (requiring the expert to produce all "documents containing 'facts and data' that plaintiff's expert reviewed or considered."). The Court orders Dish and Sponsler to produce any documents that contain facts or data concerning Sponsler's prior experiences (including his experience with Dish) that he considered in formulating his opinions; and directs that Dish produce Sponsler for a renewed deposition at which the Plaintiffs may inquire about Sponsler's prior experience.

---

4. The Court applies the current version of Rule 26 to resolve the Motion. The current version of Rule 26 applies to pending cases unless (1) the Supreme Court specifies otherwise or (2) such application would be infeasible or work an injustice. Fed.R.Civ.P. 86(a)(2). The Supreme Court has not specified otherwise, and the parties present no claim that application would be infeasible or work an injustice. The Court, further, sees no reason that application of the current version of Rule 26 would be infeasible or work an injustice.

5. The 2010 Amendment also provided that the work product privilege is waived as to the expert's compensation and any assumptions that the party's attorney provided and the expert considered. Fed. R. Civ. P. 26(b)(4)(C)(i) & (iii). The 2010 Amendment, however, clarified that drafts of expert reports are protected by the work product privilege. Fed. R. Civ. P. 26(b)(4)(B).

■ The Plaintiffs also argue that Dish must disclose twenty-two specific documents because Dish has elected to use Sponsler and Taylor as expert witnesses. *Motion,* at 15–17. The Court has already reviewed eleven of these documents and upheld Dish's claims of privilege. *Motion,* at 15–16; see *Opinion entered June 8, 2012 (d/e 151) (Opinion 151); Opinion entered November 5, 2012 (d/e 191) (Opinion 191).* Dish asserted claims of attorney client privilege, but not work product privilege, for ten of these documents. Rule 26(b)(4) does not waive the attorney client privilege. These ten documents remain privileged. Dish asserted both attorney client and work product privilege for the remaining document already reviewed by the Court, document number EKDW 00477902. The Court has again reviewed this document and determined that Dish is not required to disclose the document under Rule 26(a)(2)(B)(ii), and the work product privilege is not waived under Rule 26(b)(4)(C)(ii).

The eleven additional documents sought in the Motion have not yet been reviewed by the Court. The Court reserves ruling on whether Dish must disclose these documents until the Court has reviewed them. The Court directs Dish to provide the Court with unredacted paper copies of the remaining eleven documents for in camera inspection.

The Plaintiffs argue for a broader scope of required disclosure by Dish's expert witnesses. The Plaintiffs rely on persuasive authority to support the proposition that the expert is deemed to have considered facts or data "if the expert 'has read or reviewed the privileged material before *or* in connection with formulating his or her opinion.'" *Motion,* at 6 (quoting *Western Res., Inc. v. Union Pac. R.R. Co.,* 2002WL181494, at *9 (D.Kan. January 31, 2002) (emphasis added by Plaintiffs)); *see also Motion,* at 6–8 and authority cited therein. Based on this authority, the Plaintiffs argue that Sponsler must disclose every piece of information that he ever received in all of his work for Dish, and Taylor must disclose all information that

Dish ever provided to PossibleNow about calling records, and in particular, must disclose the 2008 Analyses and any related information.

■ The Court declines to follow the Plaintiffs' persuasive authority. The Court will follow the Seventh Circuit's interpretation of Rule 26(a)(2) set forth in *Fidelity National Title Ins. Co. of New York,* as modified by the 2010 Amendments to the Rule. The Court has correctly applied this interpretation. The 2008 Analyses, for example, analyzed completely different data sets. Taylor did not consider those facts or data when analyzing the 2007 to 2010 calling data. Rule 26(a)(2) does not require disclosure of those analyses.

The Plaintiffs argue that the 2008 Analyses are relevant. They argue that the 2008 Analyses may differ from the analysis in the Taylor Report in ways that may show bias or otherwise provide a basis for cross examination. The Motion, however, seeks to compel production of information that an expert witness is required to disclose under Rule 26(a)(2). Rule 26(a)(2) does not require an expert to disclose evidence of bias or all information that may be relevant or useful on cross examination.[6] The Court, therefore, will not compel disclosure of such material under Rule 26(a)(2).

In anticipation of the renewed deposition of Sponsler, the Court rules on two types of objections that Dish made at the first deposition. Dish objected to questions about Sponsler's past experience with Dish on the grounds of work product privilege and instructed or suggested to Sponsler that he not answer. This objection is overruled with respect to facts or data that Sponsler learned in his past experience with Dish that he considered in forming the opinions provided in the Sponsler Report. The work product privilege is waived as to such facts or data. Fed. R. Civ. P. 26(b)(4)(C)(ii). Sponsler must provide that information.

6. Rule 26 requires disclosure of the compensation of an expert, which may be related to bias. Fed. R. Civ. P. 26(a)(2)((B)(vi). Rule 26 further waives work product privilege regarding communications about an expert's compensation. Fed.
R. Civ. P. 26(b)(4)(C)(i). Sponsler and Taylor's compensation has been disclosed. See *Sponsler Report,* at 1; *Taylor Report,* at 1; *Reply,* attached *Invoice for Sponsler's services.* Thus, disclosure of his compensation is not an issue.

The Dish attorney further objected and instructed or suggested to Sponsler not to identify other past clients by name on the grounds that such disclosure will violate the past client's work product privilege. The Court overrules this objection. The work product privilege covers materials prepared in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3). Dish makes no showing that Sponsler's work with any other client was in anticipation of litigation or for trial. Thus, Dish provides no foundation to support a claim of work product privilege with respect to these other past clients. Dish also provides no authority for the proposition that it can raise some third party's claim of privilege. Sponsler considered his experience with his past clients in formulating his opinion. He must disclose the facts or data that he gleaned from that past experience. The objection is overruled. At the continued deposition, Sponsler must identify by name the past clients from which he gleaned facts or data through his experience that he considered in formulating his opinions. The Protective Order precludes any improper disclosure of such information.

WHEREFORE Plaintiffs' Motion to Compel and Reopen the Deposition of Ken Sponsler, and Motion to Compel Discovery Over Dish's Privilege Assertions (d/e 203) is ALLOWED in part and DENIED in part. The Court directs Defendant Dish Network, Inc., to make its expert witness Ken Sponsler available for a continued deposition at which the Plaintiffs may inquire about facts and data that Sponsler learned during his past experience which he considered in forming his opinions, including facts and data that he learned during his experience with both Defendant Dish Network, L.L.C. and other businesses. The deposition may last a maximum of three hours as requested. The Court overrules Dish's claims of privilege for disclosing (1) the identity of the businesses with which Sponsler worked and (2) facts and data that Sponsler learned from his experience with Dish and other clients and considered in formulating his opinions. The Court also directs Dish to disclose any additional documents related to Sponsler's prior experience with Dish that contain facts and data that Sponsler considered in formulating his opinions. The Court further orders Dish Network, L.L.C. to disclose the facts or data that Joey Montano supplied to Taylor and that Taylor considered in preparing his expert opinions, if such information has not already been disclosed. The Court directs Dish to make the additional document disclosures by March 1, 2013. The Court reserves ruling on the eleven documents listed in the Motion that the Court has not yet reviewed. The Court directs Defendant Dish to provide the Court with unredacted paper copies of the eleven documents for in camera inspection by March 1, 2013. The Motion is otherwise DENIED.